IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEMEATRI DE'SEAN DICKEY,

    Plaintiff,

v.                                                                                      1:24-cv-01287 GBW-JMR

CITY OF ALBUQUERQUE, CHIEF HAROLD
MEDINA, JOSE LUIS GOMEZ, DESIRAY MAEZ,
LEAH ACATA, NICHOLAS DICKERSON
CRAWFORD, and THOMAS VIGIL,

    Defendants.

## ORDER GRANTING MOTION FOR STAY OF DISCOVERY

THIS MATTER comes before the Court on Defendants City of Albuquerque, Chief Harold Medina, Jose Luis Gomez, and Nicholas Dickerson Crawford's Motion for Stay of Discovery. Doc. 51. Plaintiff filed a response. Doc. 58. Defendants filed a reply. Doc. 61. Having reviewed the parties' briefing and the relevant law, the Court will GRANT the motion. Discovery is hereby stayed until the Court decides the Defendants' Motion for Summary Judgment (Doc. 49).

**I.**      **The Parties' Requests**

Defendants request to stay discovery until the Court decides their pending Motion for Summary Judgment (Doc. 49) because officers Gomez and Dickerson Crawford raised qualified immunity as a defense. Doc. 51. Plaintiff opposes a discovery stay as to claims for which qualified immunity is not a defense. Doc. 58. In lieu, Plaintiff proposes "a tailored, claim- and party-specific approach," to discovery. *Id.* at 1. Plaintiff wishes to pursue discovery as to the *Monell* claims, state-law claims, official capacity claims, and equitable claims. *Id.* at 5.

## II. Discussion

The Court hereby grants Defendants' request to stay all discovery and denies Plaintiff's request for more tailored discovery.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' . . . The privilege 'is an immunity from suit rather than a mere defense to liability.'" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231–33 (1991)). The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231 (quotations and brackets omitted). Thus, "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Nonetheless, there are circumstances where discovery is appropriate even when qualified immunity is raised as a defense. "The court may grant pre-discovery summary judgment on the basis of qualified immunity if the plaintiffs cannot explain 'how discovery will enable them to rebut a defendant's showing of objective reasonableness.'" *Stonecipher v. Valles*, 759 F.3d 1134, 1149 (10th Cir. 2014) (quoting *Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir.

2

1988)). Stated differently, a plaintiff seeking discovery "bears the burden of demonstrating 'how [such] discovery will raise a genuine fact issue as to the defendants' qualified immunity claim.'" *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).

As Defendants note, the standard practice in this district is to stay all discovery when any defendant asserts a qualified immunity defense. *See* Doc. 61 at 7 (citing *Higgins v. Saavedra*, No. 1:17-CV-00234-WPl-LF, 2017 WL 1437317, at *2 (D.N.M. Apr. 21, 2017); *B.T. v. Davis*, 557 F. Supp. 2d 1262, 1286 (D.N.M. 2007); *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081 (D.N.M. 2015); *Rancho Del Oso Pardo, Inc. v. N.M. Dep't of Game and Fish*, No. CV 20-427-SCY-KK, 2020 WL 3606755 (D.N.M. July 2, 2020), *Herrera v. Santa Fe Pub. Sch.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393 (D.N.M. Dec. 20, 2012), *Rock v. Levinski*, No. 13-652 KBM-LFG, 2013 WL 12329164 (D.N.M. Oct. 22, 2013), *Ayala v. Wexford Health Sources, Inc.*, Civ. 24-110 MV/SCY, 2024 WL 1540579 (D.N.M. April 9, 2024)). However, the Court is not united in this practice. *See, e.g.*, *Cruz v. City of Deming*, 687 F. Supp. 3d 1155 (D.N.M. 2023) (Strickland, J.) (denying motion to reconsider order implementing a tailored discovery stay, as opposed to a global discovery stay); *see also* Garcia & Bach, *Iqbal is not a Game Changer for Discovery in Civil Rights Cases*, 42 N.M.L. Rev. 329 (2012) (arguing that courts should "take a peek" at the dispositive motion to determine (1) whether the motion is likely to be meritorious, and (2) whether discovery can continue and be refocused in a way that does not involve the defendants moving for a stay based on qualified immunity).

Plaintiff urges this Court to use the tailored approach to a qualified immunity-based discovery stay used in *Cruz v. City of Deming*, 687 F. Supp. 3d 1155 (D.N.M. 2023). In *Cruz*, Plaintiff sued twelve defendants asserting just one claim under 42 U.S.C. § 1983 against just one

3

defendant for failure to intervene in an officer-involved shooting. *Id.* at 1159. This claim was the only claim eligible for a qualified immunity defense. Judge Strickland found that the *Cruz* defendants had "not presented the Court with good cause to impose upon all defendants a stay based on a defense that has only been invoked by a *single* defendant." *Id.* In *Cruz*, Judge Strickland provided a well-reasoned, detailed argument regarding why, in some contexts, courts should not globally stay discovery for all parties and all claims when a defendant raises a qualified immunity defense. She also emphasized that "the Court retains its discretion in implementing discovery stays in Section 1983 cases." *Id.* at 1169.

      Here, the Court exercises its discretion by staying all discovery until Defendant's Motion for Summary Judgment (Doc. 49) is decided. This Court sees no reason to deviate from its standard practice of staying discovery entirely until a preliminary dispositive motion based on qualified immunity is resolved. *See, e.g.*, *Higgins*, 2017 WL 1437317, at *2. It is commonplace for this Court to stay discovery until a preliminary dispositive motion is decided, even when qualified immunity is not raised as a defense. This practice preserves both judicial and attorney resources by ensuring that the scope of the claims are settled before the parties engage in costly discovery, which in turn sometimes leads to costly discovery disputes.

      Plaintiff requests to proceed to discovery as to the "*Monell* issues," "State-law claims," and the "Official-capacity and equitable claims," but not as to the "individual-capacity § 1983 claims that present the [qualified immunity] issue." Doc. 58 at 5. However, Plaintiff's request rings hollow because there is virtually no discovery that would be relevant to the qualified immunity claims that is not also relevant to one of Plaintiff's other claims. Plaintiff is pursuing eighteen counts against the Defendants under various legal theories and statutes. Doc. 1-1 at 10–29. Each count revolves around the same events—Plaintiff's February 11, 2024, arrest and

subsequent prosecution. *Id.* at 4. Defendants Gomez and Dickerson Crawford seek qualified immunity as to Count III (Fourth Amendment, Unlawful Detention and Arrest), Count IV (Fourth Amendment, Malicious Prosecution), and Count VII (Fourteenth Amendment, Equal Protection). *See* Doc. 49 at 18. Yet, the Court would be hard pressed to distinguish between discovery that is related to those three counts and discovery that is related to Plaintiff's roughly equivalent state law counts against the same Defendants, Count IX (New Mexico Constitution, Equal Protection), Count XV (New Mexico Tort Claims Act, Malicious Abuse of Process), Count XVI (New Mexico Tort Claims Act, False Arrest), Count XVII (New Mexico Tort Claims Act, False Imprisonment). To allow discovery on these state law claims would essentially render any discovery stay as to the constitutional claims moot. Practically speaking, the facts surrounding the constitutional claims are inseparable from those surrounding the state law claims. To give meaning to the Supreme Court's mandate that qualified immunity is an "entitlement not to stand trial or face the other burdens of litigation," *Jiron*, 392 F.3d at 414, this Court must deny Plaintiff's requested scope of discovery.

While this Court sees wisdom in *Cruz*'s tailored approach to discovery in that particular circumstance, this case is factually distinct. In *Cruz*, an officer requested qualified immunity for failure to intervene in an officer-involved shooting. It is easy to imagine how discovery could proceed as to facts surrounding the shooting without infringing on the one officer's potential immunity from suit for a failure to intervene. While the failure to intervene claim was meaningful, it was plainly ancillary to *Cruz*'s claims against the officers who directly shot and killed the decedent. Here, officers Gomez and Dickerson Crawford—two of the four defendants—request qualified immunity for Plaintiff's unlawful detention and arrest, malicious prosecution, and equal protection claims. Unlike the failure to intervene claim in *Cruz*, these

5

claims are at the heart of Plaintiff's complaint, which revolves entirely around Plaintiff's arrest and prosecution. As discussed in the preceding paragraph, these claims are inseparable from Plaintiff's state law claims.

Notably, Plaintiff does not request discovery in order to defend against Defendants' qualified immunity claims, which is the only form of pre-summary judgment discovery the Tenth Circuit has explicitly authorized when qualified immunity has been raised. *See Stonecipher*, 759 F.3d at 1149.

For these reasons, the Court will grant Defendants' request to stay all discovery until the Court decides the pending Motion for Summary Judgment (Doc. 49). The Court will reset the case management deadlines after the discovery stay is lifted.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge